IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM NOELI SANTAMARIA-RODRIGUEZ,<br><br>    Defendant. | No. 19-CR-4081-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

Defendant William Noeli Santamaria-Rodriguez moves to dismiss the criminal indictment charging him with failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) based on a sex-offense conviction from May 2006, prior to SORNA's enactment. Docs. 2, 14. I recommend **denying** the motion (Doc. 14).

Congress enacted SORNA on July 27, 2006, requiring persons convicted of certain sex offenses to register as a sex offender "in every State where he resides, works, or studies." **Pub. L. No. 109-248**, §§ 101-155, 120 Stat. 587 (2006); *Gundy v. United States*, 139 S. Ct. 2116, 2122 (2019) (plurality opinion). SORNA provides that the sex offender should initially register either prior to the completion of his sentence of imprisonment for the sex offense or, if not sentenced to a term of imprisonment, within three days of sentencing for the sex offense. 34 U.S.C. § 20913(b). Because some sex offenders "had already completed their prison sentences" at the time of SORNA's enactment and thus, "could not comply with [the initial] registration rule," *Gundy*, 139 S. Ct. at 2122; SORNA delegated to the Attorney General the authority to specify SORNA's applicability "to sex offenders convicted before" SORNA's enactment and "to prescribe rules for the registration of any such sex offenders . . . who are unable to comply with" the initial-registration requirements, **34 U.S.C. § 20913(d)**.

This past summer, the Supreme Court addressed the constitutionality of this delegation of authority to the Attorney General. *Gundy*, 139 S. Ct. at 2121. In *Gundy*, the defendant pleaded guilty to a sex offense in 2005, prior to SORNA's enactment, and upon his release from prison in 2012, failed to register as a sex offender. *Id.* at 2122. He challenged his conviction under SORNA, arguing "that Congress unconstitutionally delegated legislative power," in violation of the nondelegation doctrine, "when it authorized the Attorney General to 'specify the applicability' of SORNA's registration requirements to pre-Act offenders," those convicted of sex offenses prior to SORNA's enactment. *Id.* A four-justice plurality interpreted SORNA as requiring the Attorney General to apply SORNA's registration requirements to pre-Act offenders as soon as feasible, which they found did not violate the nondelegation doctrine. *Id.* at 2129. The three dissenting justices disagreed with this interpretation of SORNA, finding that it granted broad discretion to the Attorney General to formulate registration requirements (or not) governing pre-Act offenders, which they found unconstitutional. *Id.* at 2131-33 (Gorsuch, J., dissenting). Justice Alito provided the fifth vote affirming the defendant's conviction, concurring in the judgment only. *Id.* at 2130-31 (Alito, J., concurring). He noted that "[i]f a majority of this Court were willing to reconsider the approach we have taken for the past 84 years [regarding the nondelegation doctrine], [he] would support that effort," but voted to affirm because he could not "say that the statute lacks a discernable standard that is adequate under the approach this Court has taken for many years." *Id.* Justice Kavanaugh had not yet been confirmed to the Court and did not participate in the decision.

Santamaria-Rodriguez moves to dismiss the indictment under the nondelegation doctrine, arguing that SORNA is unconstitutional as applied to individuals convicted of sex offenses before its enactment. Doc. 14. He recognizes that this argument is foreclosed by *Gundy* but seeks to preserve the argument given the splintered nature of the *Gundy* opinion and the pending petition for rehearing with Justice Kavanaugh's participation that has been relisted on several occasions. *Id.*

Accordingly, I recommend that the district court **deny** Santamaria-Rodriguez's motion to dismiss. Doc. 14.

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. **LCrR 59**. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* **Fed. R. Crim. P. 59**. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**ENTERED** this 2nd day of December, 2019.

*Kelly K.E. Mahoney* (signature)
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa